UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATSY D. CORMIER,

    Plaintiff,

v.

UNIVERSAL BANK, N.A., *et al.*,

    Defendants.

CASE NO. C04-2536RSM

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants, Suttell & Associates, P.S., William G. Suttell, Douglass R. Brown, and Catherine M. Kelly's, motion for summary judgment, asking this Court to dismiss plaintiff's case for failure to state an actionable claim. (Dkt. #31). The Court has construed the motion as applying only to the moving defendants.

Plaintiff Patsy D. Cormier filed her Complaint *pro se*, on behalf of herself and "all others similarly situated," against defendants Universal Bank N.A.[1], Suttell & Associates (a law firm), three individual member attorneys of Suttell & Associates, Alliance One Receivables Management, Inc., and two Washington State Court judges, the Honorable Thomas J. Wynne

---

[1] Universal Bank merged with Citibank South Dakota, N.A., in January 2002; thereafter, Citibank became the issuer of the Universal Account.

Page -1-

and the Honorable Joseph A. Thibodeau. (Dkt. #1).[2] The Complaint alleges a violation of federal racketeering laws, 18 U.S.C. §§ 1961-1962, apparently stemming from Universal Bank's efforts to collect $15,783.00 in credit card debt from plaintiff. Universal Bank has since been dismissed as a defendant in this case. (Dkt. #41).

Plaintiff has opposed defendants' motion for summary judgment, arguing that it is an attempt to obstruct justice, and that "[n]o court on the face of this earth" has "the judicial power to effect summary judgment." (Dkt. #35).

For the reasons set forth below, the Court GRANTS defendants' motion for summary judgment, and dismisses plaintiff's Complaint against them.

## II. BACKGROUND

Plaintiff alleges that defendants have violated the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1962. Although it is not entirely clear from the Complaint, plaintiff appears to allege that defendants Catherine M. Kelly, William G. Suttell, and Doug R. Brown, attorneys with the law firm Suttell & Associates, along with Suttell & Associates itself, are engaged in a "debt collection fraud racket." (Dkt. #1 at 3). According to plaintiff, the fraud racket works as follows:

> In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations . . . The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up the line from such artists as Catherine M. Kelley then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as Catherine M. Kelly are the actual "end user" holders in due course although typically in the scam, artists such as SUTTELL & ASSOCIATES invest as little as 75 cents on the hundred dollar face amount for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as SUTTELL & ASSOCIATES, in turn, mark up the worthless commercial paper and resell to artists such as Kelley, who, for very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Patsy D. Cormier.

---

[2] The Court notes that the Complaint appears to be a form Complaint filed by numerous *pro se* plaintiffs against Citibank in Washington, Utah, Florida, Texas, California and Ohio. (*See* Dkt. #14 at 2)

Page -2-

1  (Dkt. #1 at 3-4).

2  Plaintiff also apparently alleges that Catherine M. Kelley subjected her to "sham legal proceedings" and that Judge Wynne was either "'on the take'" and "receiving kickbacks and bribes from Kelley," or lacked "both the ethical and professional integrity to make decisions affecting other people's lives." (Dkt. #1 at 4). Plaintiff further alleges that Suttell & Associates and Ms. Kelley are guilty of fraud and extortion because Ms. Kelly filed a "fraudulent security instrument" alleging that plaintiff was indebted to Universal Bank (now known as Citibank) in the amount of $15,783.00 (Dkt. #1 at 4-6).

9  Plaintiff claims that as a result of these actions, she has been "deprived of business opportunities and been damaged in [her] business enterprises." (Dkt. #1 at 7). She asks the Court to order the dissolution of Citibank South Dakota, N.A. and Suttell & Associates, and direct the defendants to pay plaintiff and "others similarly situated" unspecified damages in the amount of "not less than three times the collective sums of property and losses to businesses of all who are similarly situated." (Dkt. #1 at 10).

### III. DISCUSSION

*A. Summary Judgment Standard*

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury

1  could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are
2  those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on
3  summary judgment, a court does not weigh evidence to determine the truth of the matter, but
4  "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d
5  547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

       *B. Alleged RICO Violations*

       Defendants argue that plaintiff's complaint should be dismissed for failure to state a claim
   upon which relief can be granted.  (Dkt. #31).  The Court agrees.  Plaintiff's Complaint offers no
   facts to support her claims, only conclusions and unsupported allegations.

       Consequently, plaintiff has failed to state a RICO claim against defendants.  In order to
   succeed on her RICO claim, plaintiff must establish (1) the conduct (2) of an enterprise (3)
   through a pattern (4) of racketeering activity.  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.
   1996).  "Enterprise" is defined as "any individual, partnership, corporation, association, or other
   legal entity, and any union or group of individuals associated in fact although not a legal entity."
   18 U.S.C. § 1961(4).  "Racketeering activity" is defined as (1) any act or threat involving, *inter
   alia*, extortion, which is chargeable under State law and punishable by imprisonment for more
   than one year; or (2) any act which is indictable under certain provisions of Title 18.  18 U.S.C. §
   1961(1) and (5).

       The Complaint fails to establish any elements of a RICO claim.  First, plaintiff has failed
   to establish that any of the defendants is an enterprise as defined under the RICO Act.  Plaintiff's
   Complaint focuses on the activities of certain attorneys and judges apparently involved in
   collection actions against plaintiff.  The allegations that defendant attorneys may or may not be
   members of the Washington State Bar Association does not prove that they have any ongoing
   organization or unit within a structure.

       Second, plaintiff has failed to establish a pattern of racketeering activity.  Although
   plaintiff alleges that Ms. Kelley, Mr. Suttell and Mr. Brown, and Suttell & Associates have filed
   fraudulent security instruments, plaintiff alleges no facts supporting why or how these filings
   constitute illegal conduct under the RICO Act.  Plaintiff also fails to identify any specific "fraud"

or "extortion" within the scope of the RICO Act. This failure also violates Rule 9(b) of the Federal Rules of Civil Procedure which requires that plaintiff raise any allegations with particularity. In this case, she must establish the four elements of a RICO claim: 1) two or more predicate offenses; (2) the existence of an enterprise; (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) an injury to business. *See H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38 (1989); *Snowden v. Lexmark Int'l*, 237 F.3d 620, 621 (6th Cir. 2001). Plaintiff has established none of those elements. Although plaintiff may not agree that she owes money to Citibank, she has not alleged any activity by the defendant attorneys or defendant law firm that is indictable under the RICO Act.

Finally, plaintiff alleges no facts establishing an injury to business as required by the RICO Act. Plaintiff identifies no money actually paid to Citibank, Ms. Kelley, Mr. Suttell, Mr. Brown or Suttell & Associates, nor does she identify any personal business that has been harmed by the alleged actions of defendants.

While plaintiff has opposed the motion for summary judgment, she addresses none of the legal arguments raised by defendants. (*See* Dkt. #35). Instead, she engages in a personal attack on the moving attorney, going so far as to call for sanctions against him, apparently all based on her belief that this Court may not grant summary judgment in her case because the Court must accept her allegations as true. (Dkt. #35 at 2-3). Unfortunately for plaintiff, that is simply incorrect. Accordingly, for all of the reasons set forth above, the Court agrees that plaintiff has failed to state any actionable claim against defendants.

*C. Rule 11 Sanctions*

Defendants have requested that this Court impose Rule 11 sanctions against plaintiff for filing a frivolous Complaint. That issue, however, was not fully briefed. Accordingly, the Court will not address that request at this time. However, nothing prevents defendants from renewing their request by filing a properly noted motion for sanctions, along with the supportive legal briefing.

*D. Remaining Parties*

The Court notes that defendants Alliance One Receivables Management, Inc. and the

Honorable Thomas J. Wynne, have failed to join in the instant motion for summary judgment, and have not moved for dismissal on their own in this case. Accordingly, this case will proceed against them, and the Court will enter a Scheduling Order containing a trial date and pre-trial deadlines shortly.

## IV.  CONCLUSION

Based on the analysis set forth above, the Court GRANTS defendants' Motion for Summary Judgment (Dkt. #31), and DISMISSES the Complaint against Suttell & Associates, P.S., William G. Suttell, Douglass R. Brown, and Catherine M. Kelley.

The Clerk is directed to send copies of this Order to plaintiff and all counsel of record.

DATED this ___15___ day of June 2005.

/s/   Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge