1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATSY D. CORMIER,

        Plaintiff,

    v.

UNIVERSAL BANK, N.A., *et al.*,

        Defendants.

CASE NO. C04-2536RSM

ORDER DENYING MOTION
TO VACATE AND ORDERING
RULE 11 SANCTIONS
AGAINST PLAINTIFF

16

## I. INTRODUCTION

17     This matter comes before the Court on plaintiff's Motion to Vacate the Court's previous
18 Order dismissing Universal Bank N.A.[1] as a defendant from this case. (Dkt. #45).
19     Plaintiff Patsy D. Cormier filed her Complaint *pro se*, on behalf of herself and "all others
20 similarly situated," against defendants Universal Bank N.A., Suttell & Associates (a law firm),
21 three individual member attorneys of Suttell & Associates, Alliance One Receivables
22 Management, Inc., and two Washington State Court judges, the Honorable Thomas J. Wynne
23 and the Honorable Joseph A. Thibodeau. (Dkt. #1).[2] The Complaint alleges a violation of

---

[1] Universal Bank merged with Citibank South Dakota, N.A., in January 2002; thereafter, Citibank became the issuer of the Universal Account. Accordingly, the Court will refer to Citibank as a defendant throughout this Order.

[2] The Court notes that the Complaint appears to be a form Complaint filed by numerous *pro se* plaintiffs against Citibank in Washington, Utah, Florida, Texas, California and Ohio. (*See*

Page -1-

federal racketeering laws, 18 U.S.C. § § 1961-1962, apparently stemming from Citibank's efforts to collect $15,783.00 in credit card debt from plaintiff. Citibank was dismissed as a defendant in this case by Court order on May 6, 2005. (Dkt. #41).

Although it is not entirely clear from her motion, plaintiff appears to contend that the Court's prior order dismissing Citibank is void for two reasons: (1) plaintiff contends that the undersigned District Judge "so far departed from the <u>Federal Rules of Civil Procedure</u> and the <u>Federal Rules of Evidence</u>" that he deprived her of due process, which "in turn depriv[ed] [the undersigned District Judge] of subject matter jurisdiction to dismiss her case"; and (2) plaintiff alleges that Citibank failed to meet its burden of proving that the factual allegations of the Complaint were not true prior to the Court's ruling on its Motion to Dismiss. (Dkt. #45 at 2-4).

Defendant Citibank has opposed plaintiff's motion, asserting that it is frivolous and has no basis in fact or law. (Dkt. #46). For the reasons set forth below, the Court agrees with defendant and DENIES plaintiff's motion to vacate.

## II. BACKGROUND

Plaintiff alleges that defendants have violated the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § § 1961-1962. Although it is not entirely clear from the Complaint, plaintiff appears to allege that defendants Catherine M. Kelly, William G. Suttell, and Doug R. Brown, attorneys with the law firm Suttell & Associates, along with Suttell & Associates itself, are engaged in a "debt collection fraud racket." (Dkt. #1 at 3). According to plaintiff, the fraud racket works as follows:

> In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations . . . The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up the line from such artists as Catherine M. Kelley then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as Catherine M. Kelly are the actual "end user" holders in due course although typically in the scam, artists such as SUTTELL & ASSOCIATES invest as little as 75 cents on the hundred dollar face amount

Dkt. #14 at 2)

> for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as SUTTELL & ASSOCIATES, in turn, mark up the worthless commercial paper and resell to artists such as Kelley, who, for very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Patsy D. Cormier.

(Dkt. #1 at 3-4).

Plaintiff also apparently alleges that Catherine M. Kelley subjected her to "sham legal proceedings" and that Judge Wynne was either "'on the take'" and "receiving kickbacks and bribes from Kelley," or lacked "both the ethical and professional integrity to make decisions affecting other people's lives." (Dkt. #1 at 4). Plaintiff further alleges that Suttell & Associates and Ms. Kelley are guilty of fraud and extortion because Ms. Kelly filed a "fraudulent security instrument" alleging that plaintiff was indebted to Citibank in the amount of $15,783.00 (Dkt. #1 at 4-6).

Plaintiff claims that as a result of these actions, she has been "deprived of business opportunities and been damaged in [her] business enterprises." (Dkt. #1 at 7). She asks the Court to order the dissolution of Citibank South Dakota, N.A. and Suttell & Associates, and direct the defendants to pay plaintiff and "others similarly situated" unspecified damages in the amount of "not less than three times the collective sums of property and losses to businesses of all who are similarly situated." (Dkt. #1 at 10).

### III. DISCUSSION

*A. Motions to Vacate Under Rule 60(b)(4)*

Rule 60 of the Federal Rules of Civil Procedure sets forth instances in which the Court may provide relief from its previously-entered judgement or orders. Specifically, the Rule states that a Court may provide relief from a prior Order to correct a clerical error, or for mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for "any other reason justifying relief." Fed. R. Civ. P. 60(b).

In the instant case, plaintiff first appears to argue that the Court's prior order dismissing Citibank as a defendant is void for lack of subject matter jurisdiction. Specifically, plaintiff states that the undersigned District Judge relied on facts not in evidence, and failed to afford plaintiff

the opportunity to cross-examine witnesses. (Dkt. #45 at 2-3). Not only is this argument illogical, it is completely without merit. First, plaintiff herself filed a Complaint asserting subject matter jurisdiction in this Court, by raising a claim for violation of RICO § § 1961 and 1962. Under 28 U.S.C. § 1331, the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." RICO is clearly a law of the United States. Moreover, the facts cited in the Court's prior order of dismissal come from plaintiff's own Complaint. Accordingly, the Court rejects plaintiff's jurisdictional argument.

Second, plaintiff's argument that Citibank was somehow required to disprove all of her factual allegations before this Court could address Citibank's motion to dismiss is also without merit. On a 12(b)(6) motion to dismiss the Court must dismiss a Complaint if plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the Complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181.

In dismissing Citibank as a defendant from the instant action, even when plaintiff's factual allegations were taken as true, this Court determined that plaintiff had failed to state any actionable RICO claim against Citibank. (Dkt. #41). In particular, the Court determined that plaintiff failed to make any allegations regarding wrongdoing by Citibank, and that plaintiff failed to establish any elements of a RICO claim. (Dkt. #41 at 3). The court also determined that leave to amend the Complaint was not appropriate because the Complaint could not be cured by additional alleged facts by plaintiff. In making that determination, the Court properly applied the 12(b)(6) standard, and appropriately dismissed Citibank as a defendant. Thus, the Court denies plaintiff's motion to vacate.

Page -4-

*B. Rule 11 Sanctions*

Defendant has requested that this Court impose Rule 11 sanctions against plaintiff for filing a frivolous motion. Rule 11 of the Federal Rules of Civil Procedure allows the Court to impose sanctions upon a party filing an action if the Court has determined that such filing is being presented for an improper purpose, the claims, defenses, and other legal contentions are not warranted by existing law, the allegations and other factual contentions have no evidentiary basis, or the denials of factual contentions are not warranted. Fed. R. Civ. P. 11(b). "Rule 11's deterrence value is particularly important in the RICO context, as the commencement of a civil RICO action has 'an almost stigmatizing effect' on those named as defendants." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996) (quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990), *aff'd*, 113 F.3d 1229 (2nd Cir. 1997). Federal courts have often imposed Rule 11 sanctions when RICO claims have been found to be frivolous. *See, e.g., O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2nd Cir. 1990); *Katzman*, 167 F.R.D. at 660; *Levy v. Aaron Faber, Inc.*, 148 F.R.D. 114, 123 (S.D.N.Y. 1993). In the instant case, as explained above, the Court finds that plaintiff has filed a frivolous motion, in which the claims, defenses, and other legal contentions are not warranted by existing law, the allegations and other factual contentions have no evidentiary basis, and the denials of factual contentions are not warranted.

Plaintiff has had plenty of notice that her actions in this case may be sanctionable. Prior to filing its Motion to Dismiss, Citibank contacted plaintiff to tell her that her Complaint appeared to be frivolous and legally baseless, and that it failed to state any allegations sufficient to state a RICO claim against Citibank. (Dkt. #46, Ex. B). Citibank advised plaintiff that unless she withdrew her Complaint, it would pursue all available sanctions against her. Plaintiff declined to withdraw her Complaint, and Citibank's Motion to Dismiss followed. Shortly thereafter, Citibank again contacted plaintiff, advising her of four nearly identical Complaints filed in other districts that had been found to be frivolous, and requested that plaintiff withdraw her Complaint. (Dkt. #46 at Ex. C). Again, plaintiff declined to withdraw her Complaint. After plaintiff filed the instant motion to vacate, Citibank was forced to incur fees and costs to defend

Page -5-

against the motion.

Plaintiff has been repeatedly told by this Court throughout these proceedings that her claims have no legal basis, and that she lacks sufficient factual basis for her allegations. Yet, plaintiff continues to file frivolous motions, forcing defendants to spend time and money to respond, and this Court to waste its limited resources in addressing those motions. Accordingly, the Court finds Rule 11 sanctions appropriate.

### IV.  CONCLUSION

Based on the analysis set forth above, the Court DENIES plaintiff's Motion to Vacate the Court's previous order dismissing Citibank as a defendant to this action. (Dkt. #45).

Plaintiff has been found in violation of Rule 11 of the Federal Rules of Civil Procedure. Accordingly, plaintiff is hereby ORDERED to pay sanctions in the amount of $250 to the Court no later than 30 days from the date of this Order.

In addition, plaintiff shall pay Citibank's reasonable attorney's fees and costs incurred by defending her motion to vacate. Defendant shall file a petition for such fees and costs, setting forth the amount requested with supporting documentation. Defendant shall properly note the petition pursuant to the Court's Local Rules.

The Clerk is directed to send copies of this Order to plaintiff and all counsel of record.

DATED this ___15___ day of June, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge