UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATSY D. CORMIER, *et al.*,

    Plaintiffs,

    v.

UNIVERSAL BANK, N.A., *et al.*,

    Defendants.

Case No. C04-2536L

ORDER OF DISMISSAL

    This matter comes before the Court on its own Order to Show Cause and on a motion for summary judgment filed by defendants Judge Thomas Wynne and Judge Joseph Thibodeau. (Dkt. #73). On September 19, 2005, the Court issued an order to show cause ordering plaintiff to show cause why her complaint as to Judge Wynne and Judge Thibodeau should not be dismissed for the same reasons identified in the Court's order in C04-2537L (W.D. Wash. 2004) (Dkt. #75). In that case, the Court found that Judge Wynne was entitled to judicial immunity because he acted in his official capacity when he signed an order against Mr. Cormier in a related state court action. See, e.g., Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (explaining that judges are "absolutely immune" from damage liability for acts performed in their official capacities). Shortly after the Court issued its order to show cause, Judge Wynne and Judge Thibodeau filed their motion for summary judgment arguing that they are entitled to judicial immunity for the complained of actions.

ORDER OF DISMISSAL- 1

Plaintiff did not respond to the motion for summary judgment.  In her response to the order to show cause, plaintiff makes several assertions, none of which are well taken.  First, she argues that there is no evidence in the record that Judge Wynne and Judge Thibodeau are in fact judges; however, the Court can and does take judicial notice of their positions.  Second, plaintiff appears to argue that judicial immunity should not exist, yet the immunity is well established.  Finally, plaintiff argues that judicial immunity should not apply when a judge enters into a "private, prior agreement to decide in favor of one party," or when the judge is "grotesquely incompetent or brazenly dishonest."  Response at pp. 4, 7.  Plaintiff's vague allegations are wholly unsupported and insufficient to avoid dismissal.  See, e.g., Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that vague and conclusory allegations of official participation in civil rights violations will not withstand a motion to dismiss).

Accordingly, the Court GRANTS Judge Wynne's and Judge Thibodeau's motion for summary judgment (Dkt. #73) and DISMISSES plaintiff's claims against them in their entirety.  The Clerk of the Court is directed to enter judgment against plaintiff and in favor of all defendants.

DATED this 18th day of October, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL- 2